# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAINBOW MOUNTAIN, INC., a Delaware corporation, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY BEGEMAN, | ) | C.A. No. 2018-0403-TMR |
| | ) | |
| Defendant/Counterclaim Plaintiff and Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY BEGEMAN, SUSAN BEGEMAN, MYSTIE BEGEMAN, LAURIE LARIMAR, JASON BEGEMAN, MELANIE KETCHUM, TODD BEGEMAN, BONNIE BEGEMAN, JUSTIN BEGEMAN, COREY BEGEMAN, EMILY MCGEE, CINDY DALLWIG, ROGER DALLWIG, JENNIFER RAY, JEREMY NICHILO, CARLY NICHILO, JOSHUA NICHILO, and MARK BEGEMAN, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS

WHEREAS, on June 4, 2018, Plaintiff Rainbow Mountain, Inc. ("RMI") filed

a Complaint for Declaratory Relief (the "Complaint");

1

WHEREAS, on July 23, 2019, Terry Begeman ("Terry")[1] filed Defendant Terry Begeman's Motion to Set Aside a Default Judgment or in the Alternative Motion to Dismiss (the "Motion to Dismiss");

WHEREAS, on August 30, 2019, RMI filed its Opposition to Terry's Motion to Dismiss (the "Opposition");

WHEREAS, on September 16, 2019, Terry filed Defendant Terry Begeman's Consolidated Reply Brief to Plaintiff Rainbow Mountain's Aug. 30, 2019 Opposition (the "Reply");

WHEREAS, on October 15, 2019, the Court heard argument on the Motion;

NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      This action represents the latest battle in a family feud between six siblings who are members of RMI, a Delaware nonstock corporation.  Some of the members, including Terry, live on a portion of approximately 97 acres of land that RMI owns in Montebello, Virginia.

2.      On July 3, 2017, (the "July 3, 2017 Meeting") a group purporting to be RMI's board of directors (the "Board") allegedly terminated Terry's membership in

---

[1]     This order refers to Defendant Terry Begeman by first name because many relevant parties in this litigation share the same last names.  I intend no familiarity or disrespect.

RMI. Compl. ¶¶ 22, 34-39. On June 4, 2018, RMI filed a Complaint seeking a declaratory judgment that the Board properly terminated Terry's membership in RMI.

3. On July 23, 2019, Terry filed a Motion to Dismiss under Court of Chancery Rule 12(b)(6) for failure to state a claim from which relief can be granted. First, Terry argues that the July 3, 2017 Meeting was invalid for the following reasons: (a) the purported directors in attendance did not constitute RMI's actual Board; (b) there was insufficient notice of the meeting to at least one director; and (c) the defect in notice was not cured by waiver. Answer ¶¶ 19, 22-23; Def.'s Mot. to Dismiss 16-19; Def.'s Reply Br. 31-33. Second, Terry argues that even if the July 3, 2017 Meeting was a valid meeting, the action taken therein was invalid because Terry was not terminated for "cause" as required under RMI's bylaws. Answer 21; Def.'s Mot. to Dismiss 19-20.

4. When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled factual allegations in the complaint as true, accept even vague allegations in the complaint as well-pled if they provide the defendant notice of the claim, draw all reasonable inference in favor of the nonmoving party, and deny the motion unless the plaintiff could not "recover under any reasonably conceivable set of circumstances susceptible of proof." *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002) (quoting *Kofron v. Amoco Chems.*

3

*Corp.*, 441 A.2d 226, 227 (Del. 1982)) (citing *Precision Air v. Standard Chlorine of Del.*, 654 A.2d 403, 406 (Del. 1995); *Rammuno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)). These "pleading standards for purposes of a Rule 12(b)(6) motion 'are minimal,'" and the operative test is "one of 'reasonable conceivability,'" which asks, "whether there is a 'possibility' of recovery." *In re China Agritech, Inc. S'holder Deriv. Litig.*, 2013 WL 2181514, at *23-24 (Del. Ch. May 21, 2013) (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 536 (Del. 2011)).

5. RMI's Complaint alleges that Terry engaged in multiple activities that were disruptive to RMI. Compl. ¶ 19. The Board focused, in particular, on Terry's alleged failure to pay dues and taxes, which the Board argues provides "cause" under RMI's bylaws for termination of membership. Pl.'s Opp'n Br. 7-9. RMI further argues that the termination occurred at a validly held meeting of the Board. *Id.* at 8-10.

6. Terry argues that dismissal is appropriate for four reasons, but each fails at this stage of the litigation. First, Terry argues that the purported directors in attendance at the July 3, 2017 Meeting did not constitute RMI's Board and, thus, could not take the purported termination action. Def.'s Reply Br. 31. RMI alleges that the members in attendance did constitute RMI's Board. Compl. ¶¶ 22-36. The resolution of the proper constitution of RMI's Board is the dispute at the core of

4

RMI's Complaint seeking declaratory judgment and Terry's Counterclaim seeking declaratory judgment. Neither the legal arguments nor the facts are properly presented to allow resolution of this issue at this stage. Second, Terry argues there is not "clear and convincing" proof that all directors were properly served notice of the July 3, 2017 Meeting. Def.'s Reply Br. 32. Specifically, Terry states that he was not properly served notice because the notice was sent to his post office box that he is unable to check daily. *Id.* RMI argues notice was properly sent to Terry's address on file with RMI at the time, the same address from which Terry has and continues to accept and receive mail. Pl.'s Opp'n Br. 9. Resolution of this argument requires the Court to resolve factual disputes regarding whether Terry was sufficiently provided notice of the July 3, 2017 Meeting. Third, Terry argues that the defect in notice of the July 3, 2017 Meeting was not cured by waiver. Def.'s Reply Br. 33. Again, the Court would have to resolve the factual dispute regarding whether Terry was sufficiently provided notice before determining whether waiver cured any defect in notice. Fourth, and finally, Terry argues that even if the July 3, 2017 Meeting was a valid meeting, the action taken therein was invalid because Terry was not terminated for "cause" as required under RMI's bylaws. *Id.* at 34-35. RMI asserts that Terry had an obligation to pay dues and taxes. Pl.'s Opp'n Br. 8. Terry argues that the Board never adopted a resolution requiring that he pay dues and taxes. Def.'s

5

Reply Br. 35. This dispute requires the Court to resolve the factual question of whether Terry was required to pay dues or taxes.

7. Because each of Terry's challenges would require the Court to resolve factual disputes, I deny Terry's Motion to Dismiss. The challenges Terry raises are best addressed after discovery concludes. Therefore, the Motion to Dismiss is DENIED.

*/s/ Tamika Montgomery-Reeves*
Vice Chancellor
Dated: December 5, 2019